# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MEKHALA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>PADDY MURPHYS, INC. d/b/a ECSTASY THEATER, and OLIVIA T. NGUYEN,<br><br>Defendants. | Case No.: SACV 21-01903-CJC(JDEx)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION [Dkt. 16] |

## I.  INTRODUCTION AND BACKGROUND

On November 18, 2021, Plaintiff Mekhala Smith filed this case against her former employer Defendant Paddy Murphys, Inc. d/b/a Ecstasy Theater and Defendant Olivia T. Nguyen, the alleged owner, controlling shareholder, and manager of Ecstasy Theater. (Dkt 1 [Complaint, hereafter "Compl."].)  Plaintiff raises four causes of action on her

behalf and on behalf of a Fair Labor Standards Act ("FLSA") Collective, including (1) failure to pay minimum wage in violation of 29 U.S.C. section 206, (2) unlawful taking of tips in violation of 29 U.S.C. section 203, (3) illegal kickbacks in violation of 29 C.F.R. section 531.35, and (4) forced tipping in violation of 29 C.F.R. section 531.35. (*See id.*)  She raises an additional eight causes of action on her own behalf, including (5) failure to pay minimum wage in violation of Cal. Lab. Code sections 1194 and 1197, (6) failure to pay overtime wages in violation of Cal. Lab. Code sections 510, 1194, and 1197, (7) failure to furnish accurate wage statements in violation of Cal. Lab. Code section 226, et. seq., (8) waiting time penalties pursuant to Cal. Lab. Code sections 201-203, (9) failure to indemnify business expenses in violation of Cal. Lab. Code section 2802, (10) compulsion and coercion to patronize employer in violation of Cal. Lab. Code section 450, (11) tip misappropriation in violation of Cal. Lab. Code section 350, and (12) unfair competition in violation of Cal. Bus. & Prof. Code section 17200, et. seq. (*See id.*)

Now before the Court is Defendants' motion to compel arbitration in which they argue that Plaintiff should be compelled to arbitrate her individual claims and her collective claims should be dismissed.  (Dkt. 16-2 [Motion to Compel Arbitration, hereafter "Mot."].)  Defendants further urge the Court to dismiss the entire action after compelling arbitration of Plaintiff's individual claims.  (*Id*. at 22.)  Plaintiff filed an opposition in which she stated that "[she] is willing to arbitrate her individual claims with JAMS, so long as: (1) the provision in the arbitration agreement that the prevailing party is awarded attorneys' fees is not enforced as it is unconscionable (2) Defendants bear the cost of the arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and (3) the arbitration is designated to take place in this district."  (Dkt. 19 [Opposition to Motion to Compel Arbitration, hereafter "Opp."] at 1.)  Plaintiff says nothing in response to Defendants' argument that her collective claims should be dismissed.  Plaintiff argues

that the case should be stayed while arbitration is pending.  (*Id*. at 4.)  For the following reasons, Defendants' motion is **GRANTED**.[1]

## II.  LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract."  9 U.S.C. § 2.  The FAA is "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  In light of this, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24–25.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).  This Court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (citation omitted); *see also* 9 U.S.C. § 2.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 14, 2022 at 1:30 p.m. is hereby vacated and off calendar.

# III.  DISCUSSION

## A.    Arbitration of Plaintiff's Individual Claims

In her opposition, Plaintiff states her willingness to arbitrate her individual claims on certain conditions that the Court will address below.  (*See* Opp. at 1.)  The Court finds that a valid agreement to arbitrate exists between Plaintiff and Defendants and that the agreement encompasses the causes of action in this case.  In support of their motion, Defendants submit a three-page arbitration agreement bearing Plaintiff's signature, dated September 3, 2019.  (*See* Dkt. 16-3 [Declaration of Robyn E. Frick, hereafter "Frick Decl."], Ex. A [Arbitration Agreement].)  Plaintiff does not contest that she signed the document or argue that the agreement is unenforceable.  Nor does Plaintiff argue that the arbitration agreement does not cover the causes of action raised in her complaint.  Indeed, the arbitration agreement is broadly worded, stating:

> To the fullest extent permitted by law, any claim, count, complaint, grievance, cause of action, and/or controversy (collectively referred to as "Dispute") between you (and your successors and assigns) and the Company (and its current and former officers, directors, employees, agents, successors, parents, subsidiaries, affiliates, related entities, and assigns) that arise out of, relate in any manner to, or have any relationship whatsoever with your relationship or the termination of your relationship with the Company, including, but not limited to, any Dispute arising out of or related to this Agreement, whether arising under any local, state, or federal law, whether arising in tort, by contract, or under the common law, whether arising by statute, regulation, ordinance or any other law of any kind or type (the "Arbitrable Claims"), shall be resolved by final and binding arbitration pursuant to the terms of this Agreement, the Federal Arbitration Act, the California Arbitration Act, and any other law.  Your successors and assigns and the Company's current and former officers, directors, employees, agents, successors, parents, subsidiaries, affiliates, related entities, and

> assigns are third-party beneficiaries of all rights and obligations created by this Agreement[.]

(*Id.*)  The agreement further specifies:

> Arbitrable Claims include, but are not limited to: all claims under statutory and common law . . . the Fair Labor Standards Act . . . disputes related to the parties' independent contractor relationship; compensation disputes including wages, overtime, penalties, bonus payments, commissions, tips and benefits; contractual violations; claims under the California Business & Professions Code . . . unfair competition; and any other statutory or common law claims under any law of the United States, or any State, or any other government entity[.]

(*Id.*)

Further, Plaintiff does not contest Defendant Olivia T. Nguyen's ability to enforce the arbitration agreement as a non-signatory to that agreement.  Plaintiff alleges that Nguyen is the owner, controlling shareholder, and manager of Ecstasy Theater.  (Compl. ¶ 14.)  The agreement specifically states that the "Company's" (defined in the agreement as Paddy Murphys, Inc. d/b/a Ecstasy Theater) "current and former officers, directors, employees, agents, successors, parents, subsidiaries, affiliates, related entities, and assigns are third-party beneficiaries of all rights and obligations created by this Agreement."  Under California law, third party beneficiaries may enforce arbitration agreements.  *See Bouton v. USAA Cas. Ins. Co.*, 167 Cal. App. 4th 412, 424 (2008).

Plaintiff raises three arguments as conditions for her agreement to arbitrate.  First, she argues that the attorney's fees provision in the parties' arbitration agreement is unconscionable.  (Opp. at 2–3.)  She does not argue that such unconscionability pervades the entire agreement thus rendering the entire agreement unenforceable.  Instead, she seeks a declaration from this Court that the attorney's fees provision is unenforceable.

(*Id.* at 1.)  The Court finds that Plaintiff misreads the attorney's fees provision.  Plaintiff argues that the provision allows for fees to be awarded to Defendants on statutory claims wherein the statute provides solely for fee awards to prevailing plaintiffs.  (*Id.* at 2–3.)  The agreement, however, expressly states that "[t]he arbitrator shall have only such authority to award equitable relief, damages, costs, and fees as a court would have for the particular claim(s) asserted, including attorneys' fees and costs." (Arbitration Agreement at 2.)  The parties expressly agreed to make the arbitrator's authority to grant attorney's fees coextensive with the Court's—because the Court could not grant attorney's fees in contravention of any applicable statute, *see e.g.* 29 U.S.C. § 216(b), neither can the arbitrator.[2]  The attorney's fee provision is lawful and enforceable.

Next, Plaintiff argues that the JAMS arbitration must take place in the Central District of California.  (Opp. at 3–4.)  Defendants do not argue otherwise.   The arbitration must take place within this district.  *See* 9 U.S.C. § 4.

Plaintiff also argues that Defendants must pay the cost of arbitration.  (Opp. at 5.)  She urges the Court to "absolve[] [her] from any responsibility to pay for the arbitrator's fees and costs."  (*Id.*)  The parties have already agreed to a lawful allocation of costs, with Defendants promising to "pay all fees and costs that are unique to the arbitration process, including the arbitrator's fees." (Arbitration Agreement at 2.)  This provision is consistent with California law.  *See Armendariz*, 24 Cal.4th at 113 ("We therefore hold that a mandatory employment arbitration agreement that contains within its scope the arbitration of FEHA claims impliedly obliges the employer to pay all types of costs that are *unique to arbitration*.") (emphasis added).  The Court will not venture further—

---

[2] The agreement further states "The Company shall pay the arbitrator's fees and expenses, and each party shall pay its own attorneys' fees and costs, unless a party prevails on a statutory claim affording the prevailing party attorneys' fees and costs[.]"  (Arbitration Agreement at 2.)  This further highlights the parties' intent to limit the arbitrator's authority to award attorney's fees in a manner consistent with applicable statutes.

Plaintiff has not made it clear what arbitration costs she thinks Defendants should pay that Defendants refuse to pay and the Court would like to avoid rendering an advisory opinion.  Suffice to say, the arbitration costs provision is lawful and Defendants have not indicated they plan to deviate from it.

### B.      Plaintiff's Collective Claims

In the Arbitration Agreement, the parties agreed that: "(1) class action, collective action, and representative action procedures shall not be asserted, nor will they apply, in any arbitration proceeding pursuant to this Agreement; (2) neither you or the Company will assert any class action, collective action, or representative action claims against each other in arbitration, in court, or in any other forum; and (3) you and the Company shall only submit your/its own respective, individual claims in arbitration and will not seek to represent the interests of any other person."  (Arbitration Agreement at 2.)  Defendants argue that pursuant to this clause of the agreement, Plaintiff's collective claims should be dismissed.  Plaintiff raises no rebuttal.  The Supreme Court has held that class waivers in arbitration agreements are enforceable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011); *see also Muhammad v. Battle-Tested Strategies, LLC*, 2021 WL 6298348, at *4 (C.D. Cal. Dec. 2, 2021) (finding class waiver enforceable in employment context); *Birdsong v. AT & T Corp.*, 2013 WL 1120783, at *5 (N.D. Cal. Mar. 18, 2013) (finding FLSA collective action waiver enforceable and collecting cases).  Plaintiff agreed that she would "not assert any class action, collective action, or representative action claims against [Defendants] in arbitration, in court, or in any other forum[.]"  (Arbitration Agreement at 2.)  Plaintiff's first through fourth causes of action, which she brings on behalf of an FLSA collective, violate this enforceable waiver.  Therefore, those collective claims are dismissed.

### C.    Dismissal of Plaintiff's Action

Defendants argue that after compelling arbitration of Plaintiff's individual claims and dismissing her collective claims, the Court should dismiss the action, rather than staying the case and retaining jurisdiction over Plaintiff's individual claims.  (Mot. at 22.) 9 U.S.C. section 3 states that courts shall stay proceedings if any issue is referred to arbitration.  9 U.S.C. § 3.  However, in the Ninth Circuit, "a district court may either stay the action or dismiss it outright when . . . the court determines that *all* of the claims raised in the action are subject to arbitration."  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (emphasis added).  As explained above, all of Plaintiff's individual claims are subject to arbitration and her collective claims are dismissed as they are subject to a valid waiver.  Therefore, the Court dismisses Plaintiff's case.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is **GRANTED**.  The Court **ORDERS** Plaintiff to submit her individual claims to JAMS arbitration, which must take place within the Central District of California.  The Court **DISMISSES WITH PREJUDICE** Plaintiff's collective claims.  The Court further **DISMISSES** this action **WITH PREJUDICE**.

DATED:     February 2, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE